(March 12, 1913.)

## J. H. PRIMROSE, Respondent, v. ARMSTRONG MACHINERY CO., Appellant.

[131 Pac. 14.]

DISMISSAL OF APPEAL—CERTIFICATION OF RECORDS—IDENTIFICATION OF EXHIBITS.

1.  Where the record sent up on appeal leaves it in doubt as to whether all the evidence in the case has been sent up, and there is reason to believe from the contents of the record that material exhibits have been omitted, an appellate court will not examine such record with a view to determining and passing upon the case upon its merits.

2.  Record examined in this case, and *held* that it is so indefinite and uncertain and the settlement and certification thereof is so irregular as to require a dismissal of the appeal.

APPEAL from the District Court of the Fourth Judicial District for Twin Falls County.  Hon. C. O. Stockslager, Judge.

Action for debt.  Judgment for plaintiff.  Defendant appeals.  Appeal *dismissed.*

James H. Wise, for Appellant.

Even though the court should feel that the certificate of the clerk is so defective as to be of no service as a certificate, still that would not be a ground·for a dismissal of this appeal. *Quartz Gold Mining Co. v. Patterson,* 53 Or. 85, 96 Pac. 551, in which case the motion for the dismissal of the appeal was urged for the reason that the evidence and exhibits used upon the appeal were not certified to as having been used in the trial in the court below. The certificate of the judge was filed August 27, 1912. This is sufficient. (*Knutsen v. Phillips,* 16 Ida. 267, 101 Pac. 596.)

There is nothing provided by the statute under which this appeal is prosecuted, requiring that the judge's certificate be certified to by the clerk. It only requires that the same be filed. (*Trueman v. Village of St. Maries,* 21 Ida. 632, 123 Pac. 508.)

F. A. Hutto, for Respondent.

By the certificate of the clerk, this court is not justified in finding that the records certified to were papers or files used in the hearing below. (*Village of Sand Point v. Doyle,* 9 Ida. 236, 74 Pac. 861.)

These certificates of the judge are void, so far as bringing this record to this court, for we presume they have been pasted into·the record after the certificate of the clerk was made; they are not engrossed, or made any part of this record by the certificate of the clerk, because his certificate surely cannot date forward and certify to something that may be done in the future. (Rev. Codes, 4821; *Simmons Hd. Co. v. Alturas Commercial Co.,* 4 Ida. 386, 39 Pac. 553; *Crowley v. Croesus G. M. Co.,* 12 Ida. 530, 86 Pac. 536; *Grisinger v. Hubbard,* 21 Ida. 469, 122 Pac. 853.)

AILSHIE, C. J.—In this case a motion has been made to dismiss the appeal on numerous grounds, and a motion has also been made to strike from the transcript the greater portion of the record therein contained on numerous grounds, among which is that the contents is not properly identified or

certified. We do not deem it necessary or important that we set out in a written opinion the various reasons presented for dismissal of this appeal. The condition of the record in this case, however, renders it necessary that the appeal be dismissed. An appellate court could not with safety to litigants enter upon the consideration of a case on its merits where the record is so uncertain and indefinite as is the case here. Indeed, it is extremely doubtful, judging from the recitals of the record itself, if the transcript contains all the evidence introduced in the case and all the exhibits referred to, both by the witnesses in open court and other witnesses who testified through depositions. A number of exhibits have been certified up by the clerk of the district court. They correspond in numbering and marks of identification to the exhibits introduced on the trial. We find, however, that a number of exhibits were referred to in a deposition which was taken long before the trial and which was used upon the trial of the case. That witness refers to exhibits, some of which appear to have borne the same marks of identification as the exhibits introduced upon the trial. We have no means of knowing whether those are some of the same exhibits that were introduced at the time of the trial or were different exhibits marked by the commissioner who took the deposition. None of them disclose any marks of identification made by the commissioner who took the deposition.

Presuming, as we must, that the proper procedure was adopted both upon the taking of the deposition and the trial, we would be compelled to assume that a paper marked Exhibit "A" by a commissioner upon the taking of a deposition long before the trial would not be the same paper marked Exhibit "A" upon the oral examination of another witness in open court at the trial of the case. None of these exhibits contain two sets of markings for identification.

In this case a judgment was entered on May 31st. Notice of appeal was filed and served on the 29th day of June, and on the same date the trial court made an order directing the court reporter to make a transcript of the evidence. This transcript, according to the certificate of the court reporter,

was completed on the 5th day of July and was filed with the clerk of the district court on July 24th. The record does not disclose when the transcript was served. The transcript of the record appears to have been made up prior to the 8th day of August, and the whole record is certified by the clerk of the district court under the seal of the court on the latter date. In this certificate the clerk refers to the reporter's transcript filed with the clerk on July 24th. The record certified to by the clerk of the district court contains no certificate from the judge settling the transcript of the evidence or bill of exceptions. Following the certificate by the clerk of the district court and pasted on the inside of the back cover to the record is a certificate signed by the judge of the district court under date of August 24th, purporting to settle and certify the transcript of the evidence "as a bill of exceptions in the case." This certificate does not disclose whether counsel were present or had any notice of this purported settlement of the bill of exceptions, nor does the record anywhere show when service of the transcript had been made. Counsel for respondent has attached his own affidavit to his motion to dismiss, wherein he states that on July 25th he was served with that part of the record bearing page numbers from 39 to 114,—that includes the transcript of the evidence,—and that on August 8th he was given a copy of the record comprising pages 1 to 38, and that no other record or purported record was ever served on him, except that on August 26th and August 28th he was served with copies of the certificates made by the judge, one of which is attached to the back of the transcript as hereinbefore indicated, and the other attached to the exhibits sent up to this court.

In the condition of the record as it comes to us, we would not feel justified in entering upon its examination with a view to considering the judgment of the lower court on the merits of the case. The appeal will therefore be dismissed. Costs awarded in favor of respondent.

Sullivan and Stewart, JJ., concur.

Petition for rehearing denied.